UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,

    Plaintiff,                    CIVIL ACTION NO. 08-14996

vs.                              DISTRICT JUDGE MARIANNE O. BATTANI
                                   MAGISTRATE JUDGE DONALD A. SCHEER

JUDY DAVIS, MICHELLE
WHITNEY, JANE DOE, and
JULIE VAN SETTERS,

    Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants Motion for Summary Judgment should be GRANTED as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while a state prisoner at the St. Louis Correctional Facility (SLF), in St. Louis, Michigan[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on December 2, 2008, against the above named Defendants, who are employed by the Michigan Department of Corrections (MDOC) to provide health services to the inmates at SLF. In his Complaint, Plaintiff alleged that Defendants have been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he suffers extreme pain and irreparable physical harm because he is required to share a cell with another inmate. He avers that other prisoners are uncomfortable with watching him clean his urinary catheter

---

[1] Plaintiff is still incarcerated at SLF.

prescribed to treat a kidney condition. Plaintiff indicates that he is forced to wait until his cell mate leaves the cell before he can self-catheterize. He alleges that he sometimes has to wait in excess of 12 hours to relieve his bladder.

Plaintiff contends that the three named Defendants, described in paragraphs 4 through 6 of the complaint as "legally responsible for the overall supervision, management, welfare and health care of prisoners at SLF", violated his right to be free from cruel and usual punishment under the Eighth Amendment. He claims that they should be held liable, on the basis of respondeat superior, because they denied his prison grievance seeking a single person cell. Plaintiff seeks declaratory relief and monetary damages.

Defendants filed a Motion for Summary Judgment on February 13, 2009, based upon a failure to state a claim of a lack of proper medical care. Defendants denied any deliberate indifference to a serious medical need. They maintained that they were not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that they did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention. Plaintiff filed a response to Defendants' Motion for Summary Judgment on April 17, 2009, arguing to the contrary.

## SUPERVISORY RESPONSIBILITY

The general rule is that a claim for monetary damages under § 1983 requires the averment of some specific, personal wrongdoing on the part of the individual defendant. Theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). In addition, it is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Whitley v. Albers, 475 U.S. 312, 319 (1986).

Defendants Davis, Whitney and Van Setters were sued because of their respective positions of authority and supervisory responsibilities within MDOC. The Complaint does not contain a single allegation of personal wrongdoing on the part of these individuals. The mere fact that a supervisory person is in a position of authority does not support the imposition of liability against him or her under § 1983. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). To the extent Plaintiff complains about a failure to respond to his grievances, the general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. Id.

Defendants Davis, Whitney and Van Setters were merely part of the prison medical administration during the relevant time. There is no evidence that any "policy" personally promulgated by them had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that the Defendants had "actual knowledge of a breakdown in the proper workings of the department." See Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing that they were personally or directly involved, Defendants Davis, Whitney and Van Setters should not be held liable. Accordingly, the claims against them should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence

3

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In addition, mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment,  Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  Estelle, 429 U.S. at p. 106.  Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures.  Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not met with "deliberate indifference," "intentional delay," or "delay of access to medical care."  Estelle, 429 U.S. at 104-105.  Based on the allegations in the Complaint, Plaintiff's medical needs were not treated with deliberate indifference. Plaintiff does not allege that any of the named defendants failed to treat his bladder/kidney ailment in a timely fashion.  To the contrary, his medical needs are being met by SLF medical staff, who have provided him with the necessary supplies and training needed to self catheterize.  His only allegation was that the supervisory nurses decided not to authorize placement in a single person cell in order not to avoid annoying, inconveniencing or irritating cell mates.

Even accepting the facts as provided by Plaintiff, the record is clear that none of the named Defendants were deliberately or wantonly indifferent to his serious medical needs. They did not knowingly refuse to provide urgently needed medical care, and their conduct did not lead to residual injuries which could have been prevented with timely attention.

**4**

Although Plaintiff may not have been happy with the decision not to immediately place him in a single person cell, the record demonstrates that health care personnel were at all times responsive to his medical condition. Plaintiff was not denied reasonable requests for medical treatment. Medical providers monitored his kidney/bladder condition on a regular basis, but found that the particular placement requested by Plaintiff was not medically necessary.  In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976);  Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

UNNAMED DEFENDANT

In general, the use of unnamed defendants is not favored in the federal courts. See Colle v. Brazos County, Tex., 981 F.2d 237, 243 (5th Cir.1993). The mere naming of a person by use of a fictitious title does not make that person a party to a lawsuit, and it does not prevent the entry of final judgment. Nagle v. Lee, 807 F.2d 435, 440 (5th Cir.1987); Haddad v. Fromson, 154 F.Supp. 2d 1085, 1093 (W.D. Mich 2001). An appropriate disposition of the claims against the unnamed defendants is an order dismissing them without prejudice, so that Plaintiff's ability to bring an action within the limitations period is preserved, should he later learn their identities.  See Brown v. Our Lady of Lourdes Med. Ctr., 767 F.Supp. 618, 621 (D.N.J. 1991), *aff'd*, 961 F.2d 207 (3d Cir.1992).

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case be dismissed. Given this recommendation, Plaintiff's  Motion  for a Preliminary Injunction (Docket #2) should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Battani's acceptance thereof is waived.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: May 29, 2009

_____

### CERTIFICATE OF SERVICE

     I hereby certify on May 29, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 29, 2009: **Robert Winburn.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217