UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,

       Plaintiff,

v.

JUDY DAVIS, MICHELLE WHITNEY, JANE DOE, and JULIE VAN SETTERS,

       Defendants.

_____/

Case No. 08-14996

Hon. Marianne O. Battani

Magistrate Judge Donald A. Scheer

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Petitioner Robert Winburn, a state prisoner currently confined at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan, filed a lawsuit pursuant to 42 U.S.C. § 1983 against three registered nurses employed at SLF and a regional health care administrator. He alleges that by failing to assign him to a single inmate cell, Defendants violated his Fourth, Eighth, Ninth, and Fourteenth Amendment rights, as well as the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Plaintiff also sought a preliminary injunction.

Defendants subsequently filed a Motion for Summary Judgment. The Court referred this matter to Magistrate Judge Donald A. Scheer for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Scheer recommends that this Court grant

Defendants' Motion for Summary Judgment, deny Plaintiff's request for a preliminary injunction, and dismiss the case.  See Report and Recommendation ("R&R") at 5.

Plaintiff filed objections, which are before the Court.  For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's motion.

## I.   BACKGROUND

Plaintiff lives in a cell with one other inmate.  (Compl. ¶ 14.)  The cell is equipped with a toilet and a sink.  (Id.)  Because of a spinal injury, Plaintiff is required to urinate through a catheter.  (Id. at 11.)  To empty his bladder, he follows a ten-step process of self-catheterization which requires that he wash both the catheter and his penis in the sink.  (Id. at 12-13.)  Winburn alleges that he is unable to relieve himself as needed because his past and present cellmates object to his performing these requirements in their presence.  (Id. at 16-19.)  According to Winburn, rather than risk confrontation and disciplinary action, he waits until his cellmate leaves the cell, which can be twelve hours or more.  (Id. at 20.)

Plaintiff first requested a single inmate cell accommodation on May 20, 2008.  (Id. at 25.)  After his request was denied, Plaintiff filed a grievance.  Defendant Davis, a registered nurse, denied the request on the basis that Winburn's situation did not meet the requirements specified by the Michigan Department of Corrections for a single inmate cell.  (Id.)  Plaintiff alleges that SLF contains six single inmate cells, but does not indicate whether they are vacant.  (Id. at 33.)

2

**II.    STANDARD OF REVIEW**

In cases where a Magistrate Judge has submitted a Report and Recommendation and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the R & R to which the party objects. 28 U.S.C. § 636(b)(1). With these standards governing the analysis, the Court turns to the objections raised by Plaintiff.

**III.   ANALYSIS**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Winburn does not dispute the premise that Section 1983 will not support a claim against a defendant merely because that defendant had supervisory responsibilities. He asserts that the Magistrate Judge improperly treated his claims as deriving from a *respondeat superior* theory of liability. (Obj's 1.)

Despite Plaintiff's desire to distance himself from a claim based upon this theory, Winburn himself acknowledges that he referred to the theory in paragraph 36 of his Complaint. He notes that he further pleaded that Defendants knew of his circumstances

3

and turned a blind eye. (Compl. ¶ 36.) His argument is that Defendants were "on notice by way of his grievance that if they continued to turn a blind eye to his situation they would be named as personally involved defendants." (Pl.'s Br. 2.) In addition, Plaintiff maintains that he did file a grievance against Davis after she denied his original grievance. (See Compl. ¶ 4) Accordingly, her position of authority is not the sole reason she is named in this lawsuit; she was personally involved.

Winburn's formulation of the issue does not alter the analysis. Plaintiff cites no authority that would permit him to establish a defendant's personal involvement by filing a grievance, especially when the defendant is not named in the original grievance. Contrary to his position, under the general rule, knowledge of a grievance even when coupled with a failure to remedy the complaint is an insufficient basis for liability. Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). Accord Larson v. Meek, 780 (10th Cir. June 14, 2007) (unpublished opinion) (holding that "denial of grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) (denial of a grievance does not state a substantive constitutional claim). Moreover, even if he had established involvement by Davis, Plaintiff has failed to state a claim against her.

### A. EIGHTH AMENDMENT CLAIM

Plaintiff claims that Defendants displayed deliberate indifference to his serious medical need. A meritorious Eighth Amendment claim demonstrates "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily

activities." Id. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834.  Deliberate indifference to a prisoner's medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Estelle, 429 U.S. at 105-06.  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " Farmer, 511 U.S. at 835 (quotation omitted).

Assuming that Plaintiff's condition is a "serious medical need," there is no evidence in the instant case that Defendants acted or failed to act in deliberate indifference to Plaintiff's condition.  The Complaint contains no allegation that Plaintiff's medical condition was not adequately addressed.  There is no dispute that the medical staff routinely provided for Winburn's medical condition.  Winburn merely alleges that the supervisory nurses did not authorize a single inmate cell for him to facilitate self-catheterization without offending or annoying his cellmates.  Plaintiff's belief that Defendants should have chosen a different course of treatment with respect to his housing assignment amounts to a mere difference of opinion.  Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  Accordingly, Plaintiff has failed to allege a series of facts which, if proven, "would rise to the level of the serious deprivation and deliberate

indifference." See Umbarger v. Corr. Med. Servs., 93 Fed. App'x 734, 736 (6th Cir. 2004) (noting that the plaintiff's "disagreement with the medical treatment that he received during his incarceration. . .[was] insufficient to state an Eighth Amendment claim").

### B. Equal Protection Claim

Next, Plaintiff objects to the Magistrate Judge's failure to address the Fourteenth Amendment equal protection claim. According to Winburn's Complaint, Defendants refused to provide him with a special accommodation for housing. Even if Defendants had been personally involved, this claim fails on the merits.

The Equal Protection Clause of the Fourteenth Amendment forbids states from denying "equal protection of the laws." U.S. Const. amend. XIV § 1. Because Plaintiff is not a member of a suspect class for purposes of equal protection analysis, he must show that Defendants' refusal to place him in a single occupancy cell "lack[s] a rational relationship to a legitimate governmental purpose." Tennessee v. Lane, 541 U.S. 509, 522 (2004). Accord Village of Willowbrook v. Olech, 528 U.S. 562, 563 (2000) (per curiam) (recognizing the class of one "where the plaintiff alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

In Turner v. Safley, 482 U.S. 78, 89 (1987), the Supreme Court reiterated the need for judicial deference to the problems of prison administration, holding that when a prison regulation or practice impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Here, Winburn has not met his burden to show that his treatment is invidiously dissimilar to that received by

6

other inmates.

The guidelines for single occupancy cells require Health Care to order a single person cell only when "medically necessary." (See Defs.' motion at 6.) Here, Defendants have articulated a rational reason for denying his request–it is not economically feasible for the State to house all inmates who self-catherize in single inmate cells merely because it makes other inmates uncomfortable. Single cells are restricted to medical conditions raising serious health or safety issues.

It is undisputed that Plaintiff has a condition that requires him to self-catheterize. Although he was unwilling to do so in the presence of others, his claim is in essence a dispute with Defendants' medical assessment. Plaintiff's medical records were reviewed, and a decision was made that Plaintiff did not meet the criteria for a single cell. In sum, there is no evidence that other inmates with similar medical conditions were assigned to single inmate cells, no evidence that Plaintiff was intentionally treated differently, and Defendants have articulated a rational basis for any difference in treatment that may have occurred. Therefore, the Court finds Plaintiff's objection lacks merit.

### C.  ADA Claim

Plaintiff also raises a general objection to the lack of consideration given by the Magistrate Judge to his claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. With respect to public entities, the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

The Supreme Court has held this provision applies to state prisoners. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

Nevertheless, Plaintiff's claim fails for several reasons. First, the claim cannot be brought against defendants in their individual capacities. See 42 U.S.C. § 12131(1). Second his claim against Defendants in their official capacities fails as a matter of law.

Specifically, the Court finds Plaintiff cannot establish a prima facie case under Title II of the ADA. To do so, he must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

Here, Winburn did not meet "the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131. The record is clear that Plaintiff's request for a single cell was denied because he did not meet the eligibility requirements. (Def.'s Br. Ex. B.) Plaintiff failed to present any evidence that he was denied the requested accommodation assignment to a medical cell because of his "disability." Accordingly, his ADA claim fails as a matter of law. See Hoepf v. Parks, No. 01-6933, 2006 WL 3612868 (S.D. Ohio December 08, 2006). Compare Love v. McBride, 896 F. Supp. 808 (N.D. Ind. 1995) (complaining of exclusion from an exercise program because inmate's paraplegia prevented him from taking part without some modification of the program).

In contrast to prisoner cases that proceeded to the merits, in this case Plaintiff complains about incompetent medical treatment. The ADA does not create a remedy for medical malpractice. The Act is not violated by a prison's simply failing to attend to the

8

medical needs of its disabled prisoners.  See e.g. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005); Fitzgerald v. Correctional Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (ADA does not create a remedy for medical malpractice).  Accordingly, Plaintiff cannot bring his medical malpractice claim in the guise of a disability discrimination claim.

### D.  PRIVACY CLAIM

The last objection raised by Plaintiff concerns his assertion that Defendants violated his "right to medical privacy" because he had "to perform self-catheterization in the presence of another prisoner."  (Obj's 6.)  The Fourth Amendment does not absolutely protect Plaintiff's expectations of privacy.  It is well-established that prisoners retain a very miminal expectation of privacy in their prison cells and surroundings.  See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).  See e.g. Barnett v. Collins, 940 F.2d 1530 (5th Cir. 1991) (table) (unpublished) (upholding use of female guards in guard towers giving full view of male inmates taking showers).

The cases cited by Plaintiff in his objection do not support a different outcome. Winburn is correct that the Sixth Circuit has acknowledged that a prisoner may enjoy some right to privacy in being searched by a member of the opposite sex.  See Kent v. Johnson, 821 F.2d 1220, 1226 (6th Cir 1987).  The claim here does not involve an intrusion of such magnitude.  Moreover, Plaintiff's claim involves privacy issues relative to his cellmate, not prison authorities.

The second case relied upon by Plaintiff deals with the disclosure of confidential medical information.  A.L.A. v. West Valley City, 26 F.3d 989 (10th Cir. 1994).  Winburn

9

has not advanced a claim based on Defendants' disclosure of private medical information to others. Plaintiff describes his claim as that of a right to "medical privacy," but fails to articulate why his condition merits special privacy. Because Plaintiff has failed to state a valid Constitutional claim, the Court finds Plaintiff's objection unavailing.

## IV. CONCLUSION

For the reasons stated, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. The Court **REJECTS** Plaintiff's objections and **GRANTS** Defendant's Motion for Summary Judgment. Further, the Court **DENIES** Plaintiff's motion for injunctive relief.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: September 16, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager